FILED
U.S. DISTRICT COURT
DIV.
2011 NOV -1 PM 2:19
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JASON CALNAN,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV211-138

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jason Calnan ("Calnan"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Calnan filed a Traverse. For the reasons which follow, Calnan's petition should be **DENIED**.

## STATEMENT OF THE CASE

Calnan is serving an aggregate 114 month sentence after he was convicted of conspiracy to possess with intent to distribute/attempt to possess with intent to distribute Oxycodone, in violation of 21 U.S.C. § 846, and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). He has a projected release date of June 4, 2014. (Doc. No. 8, p. 2).

While housed at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), Calnan was charged with possession of a hazardous tool, a Code 108 offense. After a hearing, Calnan received: disallowance of 40 days' good conduct time;

forfeiture of 216 days' non-vested good conduct time; 15 days' disciplinary segregation; and the temporary loss of several privileges. (Doc. No. 8-3, p. 4). Calnan asserts that he was not afforded due process protections because the evidence against him was not substantiated and because his punishment was changed after his disciplinary hearing. Respondent asserts that Calnan was given all of the protections due to him during his disciplinary proceedings.

## DISCUSSION AND CITATION TO AUTHORITY

Calnan contends that he did not have a camera in his possession, nor was his possession of a camera ever proven. Calnan asserts that there was not enough evidence to find him guilty of the Code 108 violation. Calnan also asserts that the other inmates charged with this violation did not receive any sanctions. Calnan avers that he was sanctioned with the loss of 40 days' good conduct time at the disciplinary hearing, and this sanction was changed at a later time to reflect a forfeiture of 216 days' non-vested good conduct time. Calnan contends that the correction of this sanction is unconstitutional and must be corrected.

Respondent asserts that all of the Wolff v. McDonnell, 418 U.S. 539 (1974), factors were met during Calnan's disciplinary proceedings. Respondent avers that Calnan was given proper notice of the hearing on August 4, 2010, and he was advised of his rights two days later for the August 25, 2010, hearing. Respondent also asserts that the Disciplinary Hearing Officer ("DHO") gave Calnan a written statement regarding the evidence relied upon and the reasons for the disciplinary actions. Respondent alleges that the initial DHO report did not include all of Calnan's sanctions due to a

2
AO 72A
(Rev. 8/82)

clerical error, and Calnan does not assert that he was prejudiced by this error. Respondent also alleges that, while Calnan requested a staff representative originally, he waived that representation at the hearing. Respondent further alleges that, even if Calnan had been denied a staff representative, this denial would not constitute a due process violation because he is not illiterate and the charge was not a complex issue. Finally, Respondent alleges that there is some evidence in the record to support the DHO's findings.

Prisoners may not be deprived of statutory "good-time credits" without the minimum requirements of procedural due process. Wolff, 418 U.S. at 558. Constitutionally adequate process requires compliance with the minimum due process protections afforded to an inmate in prison disciplinary proceedings: (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. Id. at 563-66. In addition, the Supreme Court has held that a finding of "some evidence" in the record to support the decision of a prison disciplinary board is necessary to satisfy the requirements of due process. Superintendent, Mass. Corr'l Inst. v. Hill, 472 U.S. 445, 455 (1985). The determination as to whether this standard is satisfied requires an inquiry into "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." Id. (emphasis added).

According to Anthony Boyce ("Boyce"), a DHO at FCI Fort Dix, the Special Investigative Services ("SIS") gathered information that Calnan had used a cell phone

with internet capabilities while he was housed at FCI Fort Dix. Included in this information was a link to a Facebook account belonging to Calnan, which, when accessed by SIS personnel, "contained many first-person postings written directly by Calnan[ ]" as well as photographs of Calnan inside a bathroom at FCI Fort Dix. (Doc. No. 8-1, p. 5, ¶ 4). Based on this information, Calnan was charged with a Code 108 violation—possession, manufacture, or introduction of a hazardous tool[1]—on August 4, 2010. Calnan received the incident report the same day. The violation was referred for a DHO hearing due to the severity of the charge, and Calnan received notification of his August 25, 2010, hearing before a DHO on August 6, 2010. Calnan was provided with the notice of his rights on the same date. (Id. at p. 6). Calnan stated that he wished to have Officer in Charge Watson as his staff representative but did not want any witnesses to testify at the hearing. Boyce stated that he read Calnan his rights at the hearing, and he waived his right to a staff representative at the hearing because Officer Watson was on leave at that time. After reading Calnan the charge he faced, asking him some questions, and considering other evidence from the hearing, Boyce found that Calnan committed the charged conduct. (Id.).

Calnan's disciplinary hearing was conducted on August 25, 2010, and he was notified of the charge against him on August 4 and 6, 2010, which was more than 24 hours prior to the hearing. Thus, the first Wolff factor was met. The second Wolff factor was met on August 6, 2010, when Calnan was made aware of his right to call witnesses and present documentary evidence. Additionally, the third Wolff factor was met when Calnan received written notice of the DHO's decision on September 22, 2010 (Doc. No.

---

[1] Boyce states that a cell phone is considered a hazardous tool because it can be used to arrange escapes and to introduce other contraband items into a prison. (Doc. No. 8-1, pp. 2-3).

4

8-2, pp. 1-3), and again on November 22, 2010, after Calnan was notified of the corrected sanctions. (Doc. No. 8-3, pp. 2-4). Finally, a review of the DHO's findings reveals that there is "some evidence" to support the finding that Calnan committed the Code 108 violation. DHO Boyce made his findings based on the incident report and subsequent investigation, as well as a memorandum written by SIS personnel, the printouts of Calnan's Facebook pages, and Calnan's statements made during the hearing. (Doc. No. 8-2, p. 2). Accordingly, Calnan received all of the due process protections afforded him during his disciplinary proceedings, and his contentions to the contrary are without merit.[2]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Calnan's petition, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this ___1st___ day of November, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] Calnan contends that he was placed in the Segregated Housing Unit ("SHU") on April 8, 2010, even though he did not receive notice of the charges until August 4, 2010. Based on the printouts of Calnan's Facebook pages, which are dated April 8, 2010, it appears that Calnan was placed in the SHU for investigative purposes. In addition, Calnan objects to the evidence Boyce used to determine his guilt. In this regard, Calnan appears to ask this Court to weigh the evidence against him, which is not this Court's role. Due process only requires there to be "some evidence" to support a DHO's findings, and DHO Boyce's findings are supported by "some evidence".

AO 72A
(Rev. 8/82)